# State of New York
# Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 25
In the Matter of Anne Marie R. Colon,
          Appellant,
     v.
Teachers' Retirement System of the City of New York,
          Respondent,
Yvonne Davalos, &c.,
          Respondent.

Kerstin M. Miller, for appellant.
Jamison M. Davies, for respondent Teachers' Retirement System of the City of New York.

MEMORANDUM:

The order of the Appellate Division should be affirmed, with costs.

Under article 15 of the Retirement and Social Security Law, "accidental death benefits"—generally payable when the head of the retirement system determines that a

member died because of a work-related accident—are paid to a pension fund member's statutorily enumerated "statutory beneficiary," typically a spouse, child under the age of 25, or other dependent relative (Retirement and Social Security Law §§ 601 [d]; 607 [a]). "Ordinary death benefits"—a lump sum payable when an employee dies before retirement of causes not related to a work accident—are paid to the "designated beneficiary" nominated by the member (*see id.* § 606-a [a] [3]; [b], [c]). The amount of an accidental death benefit will always be equal to or greater than that of an ordinary death benefit.[1]

In May 2020, the legislature enacted Retirement and Social Security Law § 607-i, granting accidental death benefits to the statutory beneficiaries of members who contracted COVID-19 within 45 days of reporting to work on or after March 1, 2020, and died of related causes (*see* L 2020, ch 89, § 4). Decedent died in April 2020 in circumstances undisputedly qualifying for accidental death benefits under section 607-i. Decedent's daughter was his statutory beneficiary (*see* Retirement and Social Security Law § 601 [d] [2]), and petitioner, his registered domestic partner, was his designated beneficiary.

---

[1] An accidental death benefit is an annuity "equal to fifty percent of such member's wages earned during [their] last year of actual service" (Retirement and Social Security Law § 607). Statutory beneficiaries receiving an accidental death benefit for a New York City employee are also eligible for health coverage paid for by the City (*see* Administrative Code of City of NY § 12-126 [b] [2] [i]). An ordinary death benefit is "equal to one-half of the amount of the ordinary death benefit which would have been payable had the member's death occurred on the last day of service upon which membership was based" (Retirement and Social Security Law § 606-a [c]). An accidental death benefit is always at least as generous as an ordinary death benefit because, "[i]f the aggregate [accidental death] benefits . . . have not exceeded the amount of the ordinary [death benefit]," the difference is paid out to the member's surviving statutory beneficiary or the member's distributees (*id.* § 607 [c]).

Respondent accepted decedent's daughter's claim for accidental death benefits and rejected petitioner's claim for ordinary death benefits. Petitioner filed this CPLR article 78 proceeding alleging that respondent's determination denying her claim was arbitrary and capricious, and, alternatively, that the amendments to the Retirement and Social Security Law violated the Pension Impairment Clause of the State Constitution (NY Const, art V, § 7 [a]).

The statutory text refutes petitioner's argument that respondent's denial of her claim for ordinary death benefits was irrational. Retirement and Social Security Law § 607-i (a) (3) provides that the accidental death benefit "shall" be paid to a member's statutory beneficiary if the member meets the stated criteria. This is consistent with the recognition in the legislative history that "[o]nce the statutory beneficiary demonstrates this proof, entitlement to the [a]ccidental [d]eath [b]enefit is mandatory" (Mem of Div of Budget, Bill Jacket, L 2020, ch 89 at 12). Additionally, preexisting law provided that an ordinary death benefit is only available when accidental death benefits are unavailable (*see* Retirement and Social Security Law § 606-a [a] [3]). The only relevant provision permitting the recovery of both types of benefits does not apply (*see id.* § 607-i [b]; Fiscal Note, 2020 NY Senate Bill S8427, 2020 NY Assembly Bill A10528 ["If any ordinary death benefit has already been paid it will be used as an offset against the accidental death benefit"]).

Petitioner's arguments that the amendments violated the Pension Impairment Clause are meritless. Generally, we consider whether a benefit attendant to membership in a pension plan is impaired from the member's perspective (*see Ballentine v Koch*, 89 NY2d 51, 56 [1996]). Initially, the record does not establish that Retirement and Social

Security Law § 607-i effected any change to decedent's benefits, let alone impaired them, because it is unclear whether his death would have qualified for accidental death benefits under the pre-existing law (*see Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v Regan*, 71 NY2d 653, 658 [1988]). Regardless, no absolute right to choose a beneficiary exists, given that members cannot designate a beneficiary for accidental death benefits or know whether they will die as a result of a work-related accident. Rather, petitioner's argument, at its core, is that granting superior death benefits by classifying COVID-19 deaths as accidental in turn impaired decedent's supposed subjective preference to have his chosen beneficiary receive an inferior death benefit. Even if decedent had such a preference, it is not protected by the Pension Impairment Clause because expanding the availability of accidental death benefits only increased the potential value of the available benefits (*see Birnbaum v New York State Teachers Retirement Sys.*, 5 NY2d 1, 9, 11 [1958]).

Petitioner's contention that she had protected vested rights under the Pension Impairment Clause also fails. Even assuming that the "vesting" of benefits could confer rights under the Pension Impairment Clause independent of the member's, petitioner has failed to show that she had any such vested right.

Order affirmed, with costs, in a memorandum. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.

Decided March 14, 2024